**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RACHEL FULLER, )
)
                Plaintiff, )
)    Civil Action No.:
v. )
)    1:25-cv-02479-SEG
CHEROKEE COUNTY, GEORGIA, and )
SHERIFF FRANK REYNOLDS, )
)
             Defendants. )
_____ )

## <u>BRIEF IN SUPPORT OF DEFENDANTS'<br>PRE-ANSWER MOTION TO DISMISS</u>

COME NOW the following named Defendants, Cherokee County, Georgia (the "County"), and Sheriff Frank Reynolds in his official capacity (the "Sheriff") (collectively, the "Defendants"), specially appearing in this matter without consenting to the jurisdiction of this Court and without waiver of any defenses, and specifically asserting the defenses of lack of jurisdiction and insufficient service of process/insufficient process, by and through the undersigned counsel, and hereby file this brief in support of their Pre-Answer Motion to Dismiss seeking to dismiss Plaintiff's Amended Complaint [Doc. 5] pursuant to Fed. R. Civ. Pro. 12, showing this Court as follows:[1]

---

[1] Defendants hereby tender a Pre-Answer Motion to Dismiss by special appearance preserving all defenses at law not raised herein, and further reserve the right to file

1

## I.    INTRODUCTION

Plaintiff Rachel Fuller ("Plaintiff") brings this Amended Complaint against Defendants pursuant to 42 U.S.C. § 1983 premised on a claimed violation of the Fifth Amendment Takings Clause stemming from property damage to her home by law enforcement officers. The property damage is alleged to have occurred as a result of law enforcement's May 4, 2023 execution of a validly issued search warrant founded upon probable cause seeking to arrest a wanted fugitive suspected of being inside Plaintiff's home at that time. As reflected in the court records pertaining to the validly issued search warrant, including the affidavit and application for the subject search warrant, the wanted fugitive believed to be hiding at Plaintiff's home had more than 30 active arrest warrants for various misdemeanor and felony thefts and a criminal history of multiple convictions that included a conviction for aggravated assault against a law enforcement officer.[2] As further detailed below, the

---

a subsequent Answer to the Amended Complaint asserting all applicable defenses to the extent required by any subsequent Court Order. However, in an abundance of caution, Defendants deny the allegations and claims asserted in the Amended Complaint seeking to impose liability on Defendants.

[2] See Certified Copy of Search Warrant, Affidavit and Application for a Search Warrant, and Return of Service regarding Court Case Number 23SW0470/Warrant No. 23-SW-000438, filed of record in the Magistrate Court of Cherokee County, Georgia, and attached hereto as Exhibit 2 and incorporated herein by reference. The search warrant and application for search warrant are referenced in and relied upon by Plaintiff in the Amended Complaint. Moreover, "when resolving a motion to dismiss ..., a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1)

2

Amended Complaint is subject to dismissal based on: (1) lack of personal jurisdiction due to insufficient service of process/insufficient process; (2) any purported claims brought under 42 U.S.C. § 1983 failing to state a claim for <u>Monell</u> liability against Defendants upon which relief can be granted; (3) any purported claims for constitutional violations brought under 42 U.S.C. § 1983 being barred against the Sheriff based on the Sheriff not being a "person" within the meaning of § 1983 and entitlement to Eleventh Amendment immunity; and (4) failure to state a cognizable Fifth Amendment Takings Clause claim against Defendants because Plaintiff's claim for property damage arising from the authorized exercise of police power does not constitute a compensable taking under the Fifth Amendment.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A. Procedural History

According to this Court's docket, Plaintiff first filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants *and* law enforcement officers Griffis, McNeely and Jones. (Doc. 1, at pp. 1-3). The original Complaint, brought pursuant to 42

---

central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." <u>Johnson v. City of Atlanta</u>, 107 F.4th 1292, 1300 (11th Cir. 2024). Additionally, public records filed in court proceedings are matters of which judicial notice may be taken by the Court. <u>See</u>, e.g., <u>Universal Express, Inc. v. U.S. Sec. & Exch. Comm'n</u>, 177 Fed.Appx. 52, 53 (11th Cir. 2006); <u>Griffin v. Verizon Commun. Inc.</u>, 746 F. App'x 873, 876 (11th Cir. 2018) ("Courts typically take judicial notice of record documents from other judicial proceedings."); <u>Jones v. Pulte</u>, No. 1:23-CV-01228-SEG, 2024 WL 2729713, at *2 n.3 (N.D. Ga. Mar. 27, 2024) (same).

U.S.C. § 1983 for purported civil rights violations under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, claimed that Griffis illegally obtained a search warrant in violation of the Fourth Amendment, that McNeely and Jones committed an unreasonable execution of a search warrant in violation of the Fourth Amendment, and that a claim for violation of the Fifth Amendment's Takings Clause was brought against the Defendants based on property damage to Plaintiff's home during execution of a search warrant. (Doc. 1, pp. 1-3 and at ¶¶ 10-48).

On June 20, 2025, before any service of the original Complaint, Plaintiff through her former counsel filed the operative Amended Complaint that superseded the original Complaint. (Doc. 5). The Amended Complaint names only the County and Sheriff as defendants, drops any previously alleged claims against Griffis, McNeely and Jones, and includes a single count against Defendants for violation of the Fifth Amendment's Takings Clause based on property damage to Plaintiff's home incident to law enforcement's execution of an issued search warrant. (Doc. 5, pp. 1-2 and at ¶¶ 7-32).[3] Contemporaneously with the filing of the Amended Complaint, Plaintiff's former counsel filed a motion to withdraw as Plaintiff's

---

[3] Despite the Amended Complaint including a single Fifth Amendment Takings Clause count against the Defendants, paragraph 2 of the Amended Complaint is identical to paragraph 2 of the original and superseded Complaint ("Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 for violation of her civil rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution."). (Compare Doc. 5, ¶ 2 with Doc. 1, ¶ 2).

counsel of record. (Doc. 6). On July 21, 2025, the Court granted the motion to withdraw and directed Plaintiff to notify the Court by August 11, 2025 as to whether she intends to proceed *pro se* or engage another attorney. (Doc. 7). On August 11, 2025, Plaintiff responded to the Court's Order by indicating she intended to pursue this lawsuit *pro se* and providing her contact information. (Doc. 8).

On August 14, 2025, the Court ordered Plaintiff to show cause within 14 days why this action should not be dismissed for failure to serve Defendants. (Doc. 9). On August 28, 2025, Plaintiff responded to the Court's Show Cause Order. (Doc. 10). On September 5, 2025, the Court determined that good cause had been shown and granted Plaintiff a 60-day extension to serve Defendants and file proof of service in accordance with Federal Rule of Civil Procedure 4. (Doc. 11).

On September 5, 2025, Plaintiff attempted to serve the Sheriff by handing a copy of the Amended Complaint to a Deputy located at the Oak Grove Precinct of the Sheriff's Office. (See Declaration of Deputy McCulloch ["McCulloch Decl."], attached hereto as Exhibit 1 and incorporated herein by reference, at ¶¶ 2-4). The Deputy to whom a copy of the Amended Complaint was delivered is not authorized to accept service of legal process or legal papers on behalf of the Sheriff and/or Cherokee County, Georgia in the above-styled lawsuit or any other lawsuit brought against the Sheriff and/or Cherokee County, Georgia. (McCulloch Decl. [Ex. 1], at ¶ 4). To date, neither of the Defendants have been validly served with process in

accordance with Federal Rule of Civil Procedure 4 and no proof of valid service on any Defendants has been filed with the Court according to the Court's docket.

## B. Factual Background

Officer Griffis applied for a search warrant to search Plaintiff's single-family home located at 2667 Kellogg Creek Road in Acworth, Georgia for a person named Hal Beaumont Beacham (a/k/a "Beau") and drafted the affidavit in support of the search warrant. (Doc. 5, ¶¶ 7-10; see also pp. 4-6 of Ex. 2)[4]. That affidavit sets forth the following facts in support of probable cause:

- Mr. Beacham is wanted out of Bartow County and Cherokee County on approximately 30 arrest warrants for various misdemeanor and felony thefts. Specifically, Mr. Beacher is wanted for Violation of Probation - original offense: dangerous drugs, theft by receiving stolen property, criminal damage to property, theft by taking, criminal trespass, entering an auto with intent to commit theft, possession of marijuana, possession of methamphetamine, and eleven counts of theft by taking.

- Mr. Beacham is a convicted felon, and has prior convictions for fleeing and eluding, providing false information to law enforcement, false report

---

[4] The page number citations to the attached Exhibit 2 are to the Exhibit 2 page numbers at the bottom right of each page of Exhibit 2 rather than to the page numbers at the top right of most of the pages of Exhibit 2.

of a crime, theft, interference with government property, obstruction, drug offenses, and aggravated assault against a law enforcement officer.

- Mr. Beacham has made statements which were relayed to the affiant that he "is not going back to jail."

- On May 2, 2023, the affiant was made aware of photographs showing Mr. Beacham on the property of 2667 Kellogg Creek Road on that date.

- On May 3, 2023, the affiant was contacted by a concerned citizen who wished to remain anonymous. This citizen provided a photograph of Mr. Beacham on the same property approximately two weeks ago, and further stated that she had witnessed Mr. Beacham at the property. The citizen stated she is aware of who Mr. Beacham is due to him being related to the neighbor at 2655 Kellogg Creek Road. The affiant believes Mr. Beacham is currently located within the residence, or on the property of 2667 Kellogg Creek Road.

- On May 3, 2023, at approximately 9:00 pm, the Affiant was made aware through the anonymous informant that Beau was outside in the backyard of 2667 Kellogg Creek Rd, and then went back inside the residence.

- On May 4, 2023 at approximately 5:25 am the Affiant, members of the Cherokee Multi-Agency Narcotics Squad, and Cherokee Sheriff's Office were conducting mobile surveillance on the property located at 2667

Kellogg Creek Rd, when they observed Beau Beacham walk outside the residence of 2667 Kellogg Creek Rd, walk around the back yard, then go back inside the residence. The Agents observed Beau as he walked in front of the open windows in the main living area of the house and could see him because he is wearing a headlamp on his head, which is turned on.

(Doc. 5, ¶ 10; p. 5 of Ex. 2).

Griffis requested issuance of the search warrant for Plaintiff's property for the purpose of effecting the arrest of Mr. Beacham, who then had approximately 34 active warrants and was believed at that time to be at Plaintiff's property inside the residence. (p. 5 of Ex. 2). A Cherokee County Magistrate Judge issued the search warrant for Plaintiff's property after finding probable cause based on the facts alleged in the search warrant application and affidavit. (Doc. 5, ¶ 11; p. 2 of Ex. 2).

On the morning of May 4, 2023, when law enforcement officers arrived to execute the search warrant, they surrounded Plaintiff's home with multiple police cars, SWAT team agents, and an armored vehicle. (Doc. 5, ¶ 12). After calling to Plaintiff over a loudspeaker, Plaintiff exited her home. (Doc. 5, ¶ 13). Officers immediately placed Plaintiff in handcuffs and moved her to the back of a patrol car. (Doc. 5, ¶ 13). Plaintiff then watched as the officers executing the warrant drove an armored truck into her driveway and rammed her garage door, and as an armed team of officers stormed into her home. (Doc. 5, ¶ 14).

8

Plaintiff watched as those officers fired tear gas canisters through numerous windows of her home which shattered the windows. (Doc. 5, ¶ 16). Plaintiff watched as the officers used a battering ram to destroy her garage door. (Doc. 5, ¶ 17). Once inside, the officers also destroyed portions of Plaintiff's home, including a portion of the ceiling in one of Plaintiff's bedrooms, the drop ceiling in Plaintiff's basement, and a portion of the carpet in Plaintiff's home. (Doc. 5, ¶¶ 18-20, 22).

The officers executing the warrant did not find Mr. Beacham inside Plaintiff's home or any evidence he was inside Plaintiff's home. (Doc. 5, ¶ 24). The execution of the search warrant caused Plaintiff to incur repair costs to her home. (Doc. 5, ¶ 25). Plaintiff's lone count against Defendants for failure to provide just compensation for the damage caused at Plaintiff's home during execution of the search warrant alleges as follows: that employees of the County and the Sheriff participated in the execution of the search warrant on her home, the damage to her home was intended or at least a foreseeable result of the execution of the search warrant, and the County and Sheriff declined to provide her compensation for the damage caused to her home in response to her demand for compensation after execution of the search warrant. (Doc. 5, ¶¶ 26-32).

## III.   ARGUMENT AND CITATION TO AUTHORITY

### A. Standard of Review.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction

over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). When service of process is challenged, the burden of establishing its validity falls upon the Plaintiff. See Reeves v. Wilbanks, 542 Fed. Appx. 742, 746 (11th Cir. 2013).

Federal Rule of Civil Procedure 12(b)(6) permits litigants to move to dismiss complaints which fail to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, "the allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff." See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). "A complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert the defense of lack of subject matter jurisdiction. An Eleventh Amendment immunity defense raises the issue of lack of subject matter jurisdiction. Brewer v. Purvis, 816 F. Supp. 1560, 1570 (M.D. Ga. 1993), aff'd, 44 F.3d 1008 (11th Cir. 1995). Motions under

10

Rule 12(b)(1) may present either a facial or a factual attack on the complaint. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks are based on the allegations of jurisdiction in the complaint, and the court takes the allegations in the complaint as true. Id. at 1529. A factual attack under Rule 12(b)(1) challenges the existence of subject matter jurisdiction in fact, and in evaluating any such attack, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. (internal citation omitted).

**B. The Court Lacks Personal Jurisdiction Based on Lack of Valid Service.**

As a preliminary matter, Plaintiff has not properly served *any* of the Defendants. As the Eleventh Circuit has explained, "where service of process is insufficient, the court has no power to render judgment and the judgment is void." Rismed Oncology Sys., Inc. v. Baron, 638 Fed. Appx. 800, 805 (11th Cir. 2015) (citing cases). The plaintiff has the burden of proving that service was properly effectuated. Winston v. Walsh, 829 Fed. Appx. 448, 450 (11th Cir. 2020). Actual notice of the lawsuit on the defendants' part does not cure defective service. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

To date, Plaintiff has not effected lawful service of process on the Defendants and no proof of service has been filed showing lawful and valid service of process of the Amended Complaint upon Defendants. Instead, to date, Plaintiff herself attempted to serve the Sheriff on September 5th by handing a copy of the Amended

Complaint to a Deputy at the Oak Grove Precinct who is not authorized to accept service of legal process or legal papers on behalf of the Sheriff and/or Cherokee County, Georgia in this or any other case brought against the Sheriff and/or Cherokee County, Georgia. (McCulloch Decl. [Ex. 1], at ¶¶ 2-4).

Plaintiff's service attempt does not constitute valid service on any of the Defendants in accordance with the Federal Rules. See, e.g., Estate of Williams v. Douglas County, No. 1:16-CV-2913-ODE, 2017 WL 11448868, at *3-4 (N.D. Ga. Sept. 8, 2017) (service on Major Worthan of the Douglas County Sheriff's Office was insufficient to effect service on Sheriff Miller in his individual or official capacity under Rule 4(e) or Rule 4(j)(2)); Hudson v. Morris, No. 4:20-CV-120, 2021 WL 2188571, at *2-3 (S.D. Ga. May 28, 2021) (service attempt on Administrative Assistant in Civil Division of Effingham County Sheriff's Office not valid service on Effingham County Sheriff in his official capacity under Rule 4(e) or Rule 4(j)(2)). Because there has not been any valid service of the Amended Complaint on Defendants and no proof of service filed on the docket to date, the Amended Complaint should be dismissed under Rules 12(b)(2), 12(b)(4) and 12(b)(5) for lack of personal jurisdiction, insufficient process, and insufficient service of process.

**C. Plaintiff Fails to State a § 1983 Claim Against Defendants Under Monell.**

Although the Amended Complaint is brought against the Defendants pursuant to 42 U.S.C. § 1983 for a claimed Fifth Amendment Takings Clause violation,

Plaintiff fails to plausibly state a § 1983 claim against either of the Defendants for any supposed constitutional violation to impose municipal liability against Defendants under the principles of <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658 (1978). The Supreme Court has placed strict limitations on municipal liability under § 1983. <u>Grech v. Clayton Cty., Ga.</u>, 335 F.3d 1326, 1329 (11th Cir. 2003). Defendants cannot be sued under 42 U.S.C. § 1983 based on principles of *respondeat superior*. <u>Id.</u>; <u>Mercado v. City of Orlando</u>, 407 F.3d 1152, Instead, Defendants may only be held liable under § 1983 if a plaintiff shows that: (1) his constitutional rights were violated; (2) the particular government entity had a custom or policy that constituted a deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. <u>McDowell v. Brown</u>, 392 F.3d 1283, 1289 (11th Cir. 2004). Alternatively, a Sheriff or the County can be held liable under <u>Monell</u> for a decision of a final policymaker under appropriate circumstances. <u>Scala v. City of Winter Park</u>, 116 F.3d 1396, 1399 (11th Cir. 1997).

Plaintiff's Amended Complaint does not provide any facts sufficient to plausibly state a <u>Monell</u> claim against Defendants. Instead, Plaintiff relies on conclusory allegations that she is bringing the action pursuant to § 1983 for violations of her constitutional rights including a claim of a violation of the Fifth Amendment Takings Clause. Conclusory statements are insufficient to state a claim for relief. <u>See</u> <u>Jaharis</u>, 297 F.3d at 1188. Plaintiff has not alleged that there was a

13

policy, practice, or custom that led to any alleged constitutional violations in this case. Plaintiff's case rests on a single incident of allegedly unconstitutional activity – the property damage to her home on May 4, 2023 incident to the law enforcement execution of the search warrant that she claims to constitute a violation of the Fifth Amendment Takings Clause. (Complaint, *passim*.). However, "a single instance of unconstitutional conduct can create <u>Monell</u> liability only when 'proof of the incident includes proof that it was caused by an existing unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'" <u>Martin v. City of Macon Georgia</u>, 702 Fed. Appx. 941, 944 (11th Cir. 2017). A single instance of unconstitutional behavior also cannot establish proof of the policy itself. <u>Id.</u>; <u>Landau v. City of Daytona Beach</u>, 21-12947, 2023 WL 6622208, at *17 (11th Cir. Oct. 11, 2023). To establish <u>Monell</u> liability, a plaintiff must generally show pattern of similar constitutional violations because a custom must be a longstanding and widespread practice to render a government entity liable. <u>Craig v. Floyd Cnty., Ga.</u>, 643 F.3d 1306, 1310 (11th Cir. 2011); <u>Simmons v. Bradshaw</u>, 879 F.3d 1157, 1168-69 (11th Cir. 2018). Without allegations identifying a specific policy or suggesting that a similar constitutional violation occurred, Plaintiff has not stated a claim under <u>Monell,</u> and this Court should dismiss any § 1983 claims against Defendants.

**D.**     **Any § 1983 Claims Against the Sheriff Fail to State a Claim and are Otherwise Barred by Eleventh Amendment Immunity.**

Any purported claims against the Sheriff (sued only in his official capacity)

14

under 42 U.S.C. § 1983 for violation of a constitutional right under the Fifth Amendment or otherwise should be dismissed as a matter of law for failure to state a claim against a person within the meaning of 42 U.S.C. § 1983 and for lack of subject matter jurisdiction based on entitlement to Eleventh Amendment immunity.

1.    Sheriff Reynolds in his Official Capacity is an "Arm of the State" and Not a "Person" Within the Meaning of 42 U.S.C. § 1983

Any official capacity claim brought under 42 U.S.C. § 1983 against a state officer acting in his official capacity is barred under Will v. Michigan Dept. of State Police, 491 U.S. 58, 63-64 (1989), since a state actor is not a "person" within the meaning of § 1983. To state a claim brought under § 1983, a Plaintiffs must show that their constitutional rights were violated by "a person acting under color of law." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (quotation omitted). Sheriffs in their official capacities act as an "arm of the State" when performing law enforcement functions and when setting policies for law enforcement functions and, thus, they are outside the scope of "persons" who can be liable under § 1983. Will, 491 U.S. at 63-64; Duncan v. Bibb Cty. Sheriff's Dep't, 471 F. Supp. 3d 1243, 1255 (N.D. Ala. 2020); Andros v. Tinsley, No. 7:23-CV-135 (WLS), 2025 WL 961438, at *20 (M.D. Ga. Mar. 31, 2025) (collecting cases and concluding that Sheriff and his deputies perform their official and authorized duties as state actors in assisting in acquisition and execution of search warrants).

Because Sheriff Reynolds in his official capacity is an arm of the state in

15

performing law enforcement functions and *not* considered a "person" within the meaning of § 1983, Plaintiff has failed to state a claim pursuant to § 1983 against the Sheriff for violation of the Fifth Amendment or any other provision of the U.S. Constitution arising from Sheriff's deputies/employees performing the law enforcement function of execution of a valid search warrant. See, Est. of May by & through Myrick v. Fulton Cty., Georgia, No. 1:19-CV-2440-SCJ, 2020 WL 5541086, at *5 (N.D. Ga. Aug. 13, 2020); Andros, 2025 WL 961438, at *20.

   2.   Eleventh Amendment Immunity Bars Any § 1983 Claims Against the Sheriff

      The Eleventh Amendment prohibits suits against a state by its own "private citizen[s]" in federal court. Nat'l Ass'n of the Deaf v. Florida, 980 F.3d 763, 770 (11th Cir. 2020) (citing Kentucky v. Graham, 473 U.S. 159, 169 (1985)). Congress did not abrogate Georgia's Eleventh Amendment sovereign immunity when it enacted 42 U.S.C. § 1983. Cox v. Robinson, No. 1:22-CV-1998-SEG, 2023 WL 3011351, at *6 (N.D. Ga. Mar. 10, 2023), aff'd, No. 23-11201, 2023 WL 8948406 (11th Cir. 2023) (citing Quern v. Jordan, 440 U.S. 332, 338, 342-45 (1979)). Moreover, Georgia has not waived its sovereign immunity under the Eleventh Amendment. See O.C.G.A. § 50-21-23(b); Clarke v. McMurry, 763 F. App'x 899, 900 (11th Cir. 2019) (per curiam); see also Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992) (holding that there was no waiver in Section 1983 takings suit). "A defendant need not be labeled a 'state officer' or 'state official' to

16

receive Eleventh Amendment immunity, but instead need only be acting as an 'arm of the State,' which includes the state's agents and instrumentalities." Gibbons v. McBride, 124 F. Supp. 3d 1342, 1359 (S.D. Ga. 2015) (citing Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003)).

It is well and long settled that a Georgia sheriff and his deputies act as arms of the state when performing general law enforcement functions, including executing search warrants. Manders v. Lee, 338 F.3d 1304, 1328 (11th Cir. 2003); Burgest v. Colquitt Cnty., 177 F. App'x 852, 855 (11th Cir. 2005); Bolton v. Wood, 682 F. Supp. 3d 1304, 1324-25 (N.D. Ga. 2023) (collecting cases). Andros, 2025 WL 961438, at *20. Thus, the Eleventh Circuit and districts courts therein have routinely held that a Georgia Sheriff – such as Sheriff Reynolds – sued under § 1983 in his official capacity is entitled to Eleventh Amendment immunity regarding law enforcement activities, policies, and procedures. Manders, 338 F.3d at 1328; Burgest., 177 F. App'x at 855; Est. of May by & through Myrick, 2020 WL 5541086, at *6; Andros, 2025 WL 961438, at *20; Townsend v. Coffee Cnty., Ga., 854 F. Supp. 2d 1345, 1352 (S.D. Ga. 2011); Reed v. Long, 506 F.Supp. 3d 1322, 1331-32 (M.D. Ga. 2020).

There is no relevant distinction that would remove this case from the scope of Manders and its progeny. As any claims against the Sheriff brought under § 1983 for a Fifth Amendment Takings Clause violation or otherwise are barred based on the

17

Sheriff's entitlement to Eleventh Amendment immunity, any § 1983 claims against the Sheriff must be dismissed for lack of subject matter jurisdiction. Reed, 506 F.Supp. 3d at 1332 (citing Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that Eleventh Amendment sovereign immunity bars Fifth Amendment takings claim against the Sheriff's Office).

**E. Plaintiff Fails to State a Takings Clause Claim Against Defendants.**

The Amended Complaint should also be dismissed against Defendants for failure to state a Fifth Amendment Takings Clause claim given the weight of authority holding that a takings claim founded upon property damage incident to permissible exercise of police power pursuant to a valid warrant (as opposed to the exercise of eminent domain power) does not amount to a compensable taking under the Fifth Amendment.

The Takings Clause of the Fifth Amendment (i.e., the "Just Compensation Clause") provides: "…nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. In Fulton v. Fulton Cnty. Bd. of Commissioners, 148 F.4th 1224 (11th Cir. 2025), the Eleventh Circuit recently recognized that the Takings Clause contains a direct federal cause of action. A claimant asserting a Fifth Amendment Takings Clause claim "must prove (1) that there was a compensable 'taking' of property such that (2) the claimant has suffered some pecuniary harm." Barnette v. Phenix City, Alabama, No. 3:05-CV-473-WKW,

18

2006 WL 680595, at *4 (M.D. Ala. Mar. 15, 2006) (citing Reahard v. Lee County, 968 F.2d 1131 (11th Cir. 1992)). Here, Plaintiff's attempted Fifth Amendment takings claim fails because the facts as pled involving just compensation being sought for property damage incident to the exercise of police power in executing a validly issued search warrant to find and arrest a wanted fugitive from justice fall outside the scope of a compensable taking under the Fifth Amendment.

In Bennis v. Michigan, 516 U.S. 442, 452 (1996), the Supreme Court explained that "[t]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain." Bennis v. Michigan, 516 U.S. 442, 452 (1996). While the Eleventh Circuit Court of Appeals has not squarely addressed whether the Takings Clause is applicable when property is retained or damaged as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain, a wealth of persuasive authority from a number of outside circuits in comparable cases hold in the aftermath of the Bennis decision that the Fifth Amendment Takings Clause is not implicated by the exercise of law enforcement's police power.

In Johnson v. Manitowoc County, 635 F.3d 331 (7th Cir. 2011), police conducted an extensive search of an innocent landlord's property pursuant to a warrant. Id. at 333. Officers jackhammered his garage floor looking for evidence and

rendered his trailer home mostly uninhabitable by cutting up walls, carpet, and a couch. Id. at 333-34. The landlord did not claim that the search warrants were invalid or not supported by probable cause, only that the destruction constituted a taking. Id. The Seventh Circuit Court of Appeals held that police searches fall outside the Fifth Amendment's scope: "the Takings Clause does not apply when property is retained or damaged as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain." Id. at 336 (citing Bennis, 516 U.S. at 452). In fact, the Court of Appeals described the takings claim as a "non-starter" where the actions were taken under the state's police power. Id.

In Lawmaster v. Ward, 125 F.3d 1341 (10th Cir. 1997), the Tenth Circuit rejected a plaintiff's Fifth Amendment takings claim premised on allegations that officers ransacked his home during a search. Lawmaster v. Ward, 125 F.3d 1341, 1351 (10th Cir. 1997). In so holding, the Court concluded, "Mr. Lawmaster fails to allege any facts showing how his property was taken for public use in violation of the Fifth Amendment." Id. In Lech v. Jackson, 791 F. App'x 711 (10th Cir. 2019), the Tenth Circuit clarified its prior holding in Lawmaster as follows: "by holding that the plaintiff in Lawmaster could not show a Fifth Amendment violation because he failed to show 'how his property was taken for public use,' we implicitly held his Takings Clause claim failed because he could not show the government acted pursuant to its power of eminent domain, rather than pursuant to its police power.

20

Lech v. Jackson, 791 F. App'x 711, 717 (10ᵗʰ Cir. 2019); see also Cuervo v. Salazar, No. 20-CV-0671-WJM-GPG, 2021 WL 1534607, at *9 (D. Colo. Apr. 19, 2021) ("It is undisputed that Defendants were executing a valid warrant on the Property, and even assuming Cuervo's property was damaged, that damage falls within the scope of police power, and outside the takings clause of the Fifth Amendment").

Similarly, in McKenna v. Portman, 538 F. App'x 221 (3ʳᵈ Cir. 2013), relying in part on Lawmaster, the Third Circuit held that because defendants exercised the state's police power—rather than the power of eminent domain—when they seized plaintiffs' property pursuant to a search warrant and subsequently damaged it, defendants "did not engage in a 'taking' under the Fifth Amendment". McKenna v. Portman, 538 F. App'x 221, 223-24 (3ʳᵈ Cir. 2013). Further decisions out of the Third Circuit have rejected Fifth Amendment takings claims where the action was taken pursuant to exercise of the police power. See Zitter v. Petruccelli, 744 F. App'x 90, 96 (3ʳᵈ Cir. 2018) (noting that state action taken pursuant to police powers bars takings liability); Hart v. Gordon, 591 F. App'x 125, 129 (3ʳᵈ Cir. 2014); (no viable Takings Clause claim occurs when property has been seized pursuant to a lawful search warrant); Jones v. Philadelphia Police Dep't, 57 F. App'x 939, 942 (3ʳᵈ Cir. 2003) ("a temporary seizure of property in order to search that property is a permissible exercise of the government's police—as opposed to its eminent domain—power and neither this Court nor the parties have found a federal case in

21

which a court has held that such a seizure constituted a taking under the federal constitution.").

The Federal Circuit has also similarly held that "[p]roperty seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause." AmeriSource Corp. v. United States, 525 F.3d 1149, 1153 (Fed. Cir. 2008). In so holding, the Federal Circuit relied on its earlier decision in Acadia Technology, Inc. v. United States, 458 F.3d 1327 (Fed. Cir. 2006), which held that "[t]he government's seizure, retention, and damaging of the property did not give rise to an actionable claim for a taking ... because 'items properly seized by the government under its police power are not seized for 'public use' within the meaning of the Fifth Amendment.'" Acadia Technology, Inc., 458 F.3d at 1332. The Federal Circuit also relied on the Supreme Court's Bennis decision, explaining: "*Bennis* suggests that so long as the government's exercise of authority was pursuant to some power other than eminent domain, then the plaintiff has failed to state a claim for compensation under the Fifth Amendment… The innocence of the property owner does not factor into the determination." AmeriSource Corp., 525 F.3d at 1154; see also Bachmann v. United States, 134 Fed. Cl. 694, 697 (Fed. Cl. 2017) ("the damage to the house was incident to securing the safety and welfare of both plaintiffs' property and the community at large. Thus, the damage caused in the

22

course of arresting a fugitive on plaintiffs' property was not a taking for public use, but rather it was an exercise of the police power of the United States.").

The Sixth Circuit also recently rejected a Fifth Amendment takings clause claim in a comparable situation. Slaybaugh v. Rutherford Cnty., Tennessee, 114 F.4th 593 (6th Cir. 2024), cert. denied, 145 S. Ct. 1959, 221 L. Ed. 2d 738 (2025). In that case, police acted pursuant to an issued search warrant for the Slaybaughs' home and arrest warrant for the Slaybaughs' son James Conn who was wanted for murder. Slaybaugh, 114 F.4th at 594-95. In the course of entering the home to effect the arrest of Conn, officers fired approximately 35 tear gas cannisters into the dwelling and were alleged to have caused extensive damage to both the internal and external structure of the Slaybaughs' home and the contents inside. Id. In rejecting the Slaybaughs' Fifth Amendment takings claims, the Sixth Circuit explained that the plaintiffs "failed to identify any history or precedent establishing that the police have 'taken' their 'property' within the meaning of the Fifth Amendment when the police damaged the property while conducting a lawful arrest." Id. at 603; see also Ostipow v. Federspiel, 824 F. App'x 336, 342 (6th Cir. 2020) ("The weight of authority holds that claims emanating from the use of police power are excluded from review under the Takings Clause").

A district court decision within the Eleventh Circuit also provides additional support to the weight of authority out of the Third, Sixth, Seventh, Tenth, and

23

Federal Circuits rejecting a Fifth Amendment takings claim where property damage was incident to exercise of a government's police power. In <u>Barnette v. Phenix City, Alabama</u>, No. 3:05-CV-473-WKW, 2006 WL 680595, at *4 (M.D. Ala. Mar. 15, 2006), the Middle District of Alabama dismissed a Fifth Amendment takings claim arising from property damage caused by police officers' forced entry into the home. <u>Barnette</u>, 2006 WL 680595, at *4. The Court noted that courts have been reluctant to find that this type of harm amounts to a "taking" under the Fifth Amendment, cited with approval to Third and Tenth Circuit case law, and ultimately concluded: "Because courts have not recognized property damage or loss resulting from a police search as compensable under the Fifth Amendment's Just Compensation Clause, plaintiffs have failed to allege any cognizable constitutional violations under the Fifth Amendment." <u>Id.</u> The Middle District of Alabama has also recognized that "it is settled that in the exercise of the police power a State may take, damage, or destroy private property without compensation, when the … public safety require[s] it to be done." <u>Ashe v. City of Montgomery</u>, 754 F. Supp. 2d 1311, 1315 (M.D. Ala. 2010) (internal citation omitted).

Based on the foregoing weight of authority out of the Third, Sixth, Seventh, Tenth, and Federal Circuits and other persuasive authority within the Eleventh Circuit, the Amended Complaint fails to state a cognizable takings claim under the Fifth Amendment. In the Amended Complaint, Plaintiff acknowledges that a search

24

warrant was issued to search her home for Mr. Beacham, does not contest the validity of the search warrant, does not contest there being probable cause for the execution of the search warrant, and is claiming a Fifth Amendment taking due to property damage that was incident to law enforcement's authorized exercise of the police power in executing a valid warrant to look for and arrest a wanted fugitive from justice. (Doc. 5, *passim*; see also pp. 2-6 of Ex. 2). Because her Amended Complaint seeking just compensation for property damage resulting from the *authorized* exercise of the police power pursuant to a validly issued search warrant fails to state a cognizable claim implicating a taking of private property for public use within the meaning of the Fifth Amendment, Plaintiff's Amended Complaint solely pursuing a Fifth Amendment takings claim should be dismissed against Defendants.

## IV.    CONCLUSION

For the above and foregoing reasons, the Amended Complaint should be dismissed against the Defendants in its entirety.

Respectfully submitted, this 26th day of September, 2025.

JARRARD & DAVIS, LLP

*/s/ Kenneth P. Robin*
Kenneth P. Robin
222 Webb Street                                       Georgia Bar No. 609798
Cumming, Georgia 30040                     Melissa A. Klatzkow
(678) 455-7150 – telephone               Georgia Bar No. 692540
krobin@jarrard-davis.com
mklatzkow@jarrard-davis.com

*Attorneys for Defendants*

25

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RACHEL FULLER,       )
      )
      Plaintiff,       )
      )       Civil Action No.:
v.       )
      )       1:25-cv-02479-SEG
CHEROKEE COUNTY, GEORGIA, and       )
SHERIFF FRANK REYNOLDS,       )
      )
      Defendants.       )
_____ )

## <u>CERTIFICATE OF SERVICE AND FONT CERTIFICATION</u>

I hereby certify that, in accordance with LR 5.1A (N.D.Ga.), I have this date electronically filed the within and foregoing **BRIEF IN SUPPORT OF DEFENDANTS' PRE-ANSWER MOTION TO DISMISS** in the above-styled civil action with the Clerk of Court by using the Court's CM/ECF system, which will automatically send e-mail notification of such filing to all registered users in this action. I further certify that a true and correct copy of the foregoing document has been served on the Plaintiff by depositing same in the U.S. Mail with adequate postage affixed thereon and addressed to the following:

Rachel Fuller
PRO SE
2667 Kellogg Creek Road
Acworth, GA 30102

26

I further certify that the within and foregoing has been prepared in accordance with Local Rule 5.1(C) and is in a 14-point Times New Roman font.

This 26th day of September, 2025.

**JARRARD & DAVIS, LLC**

*/s/ Kenneth P. Robin*
Kenneth P. Robin
Georgia Bar No. 609798

*Attorneys for Defendants*

222 Webb Street
Cumming, Georgia 30040
678-455-7150 (telephone)
krobin@jarrard-davis.com

27