UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RACHEL FULLER,

      Plaintiff,

      v.

CHEROKEE COUNTY, GEORGIA,
and SHERIFF FRANK REYNOLDS,

      Defendants.

CIVIL ACTION NO.

1:25-CV-2479-SEG

## **O R D E R**

This matter is before the Court on Defendants' motion to dismiss. (Doc. 12.) After careful consideration, the Court enters the following order.

## I.    **Background**

Plaintiff, through counsel, brought this action on May 5, 2025, for civil rights violations pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff filed an amended complaint on June 20, 2025, alleging that her Cherokee County home was damaged by law enforcement officers during the execution of a search warrant on May 4, 2023. (Doc. 5.) Plaintiff seeks compensatory damages, attorney's fees, and costs. (*Id.* at 6–7.)

Plaintiff's counsel filed a motion to withdraw on June 20, 2025, the same day that the amended complaint was filed. (Doc. 6.) The Court granted the motion to withdraw, directing Plaintiff to notify the Court as to whether she

would proceed pro se or engage another attorney. (Doc. 7.) On August 11, 2025, Plaintiff filed a response to the Court's order stating that she intended to proceed pro se. (Doc. 8.)

On August 14, 2025, the Court ordered Plaintiff to show cause for failure to serve Defendants. The Court noted that more than 90 days had passed since the case was filed without any indication that service had been made on any Defendant. (Doc. 9.) Plaintiff responded to the show cause order, explaining that she was hospitalized during the 90-day service period. (Doc. 10.) On September 5, 2025, the Court granted Plaintiff an extension of time to serve Defendants. (Doc. 11.) The Court directed Plaintiff to serve Defendants with process within 60 days and file proof of service on the docket. The Court advised Plaintiff that failure to serve Defendants by the deadline may result in dismissal for failure to serve, failure to prosecute, and failure to follow a court order. (*Id*. at 2.)

Defendants Cherokee County and Sheriff Frank Reynolds filed a motion to dismiss on September 26, 2025. (Doc. 12.) Defendants moved for dismissal based on lack of personal jurisdiction, insufficient process, and insufficient service of process. (Doc. 12-1 at 11–12.) Defendants also moved for dismissal for failure to state a claim. (*Id*. at 12–25.) Plaintiff has not filed a response to

Defendants' motion to dismiss, and no proof of service has been filed on the docket.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a case for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint."  5B *Wright & Miller's Federal Practice & Procedure* § 1353 (4th ed. 2025) (footnotes omitted).  "The party challenging the sufficiency of the service bears the burden of showing it was improper."  *Ritts v. Dealers All. Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997).  "An objection to service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized."  *Binns v. City of Marietta Hous. Auth.,* No. CIVA 107CV-0070-RWS, 2007 WL 2746695, at *2 (N.D. Ga. Sept. 18, 2007) (quotations omitted).  "If the challenge is sufficiently set forth, the plaintiff then 'bears the burden of presenting enough evidence to withstand a motion for directed verdict.'"  *Valiente v. Bank of Am.*, No. 1:16-CV-1553-WSD-JFK, 2016 WL 8710417, at *1 (N.D. Ga. Sept. 9, 2016) (quoting *Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008)).  If the plaintiff presents evidence to the contrary, the court must construe all

reasonable inferences in plaintiff's favor and the burden shifts back to the defendant to bring strong and convincing evidence of insufficient service of process. *Id.*

Where service of process is insufficient, the Court lacks personal jurisdiction over the defendant in question. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "A court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) (citing *Read v. Ulmer,* 308 F.2d 915, 917 (5th Cir. 1962)). Because a dismissal for lack of service of process is not a judgment on the merits, courts dismiss cases without prejudice under Rule 12(b)(5). *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182–83 (11th Cir. 2007) ("Because the plaintiff failed to serve defendants properly, we find that this case should have been dismissed without prejudice. (citing Fed. R. Civ. P. 4(m)).

## III.   Discussion

Defendants argue that Plaintiff's attempt to serve them with process was not sufficient.   Defendants attached the declaration of Deputy Gregory McCulloh in support of their motion. (Doc. 12-2.) Deputy McCulloh states that Plaintiff herself handed him (McCulloh) a copy of the amended complaint at the Oak Grove Precinct of the sheriff's office on September 5, 2025. (*Id.* ¶ 3. )

4

Deputy McCulloh states that Plaintiff was informed that the sheriff's office does not ordinarily accept service at the precinct and that the precinct did not have proof-of-service forms that Plaintiff requested. However, Deputy McCulloh declares that he wrote the date and time on Plaintiff's copy of the amended complaint at Plaintiff's request. (*Id.*) Deputy McCulloh further declares that he is not authorized to accept service of process on behalf of Defendants. (*Id.* ¶ 4.)

To properly effect service on an individual, a plaintiff may deliver a copy of the summons and of the complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C); O.C.G.A. 9-11-4(e)(7). To properly effect service on a local governmental organization, a plaintiff must comply with the requirements of Rule 4(j)(2). The plaintiff must serve the governmental organization by:

> (A)   delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B)   serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Georgia law concerning service of process requires a plaintiff to deliver a copy of the summons and complaint, "[i]f against a county, . . . to the chairman of the board of commissioners . . . or to an agent authorized

by appointment to receive service of process." O.C.G.A. § 9-11-4(e)(5). Under both the Federal Rules of Civil Procedure and under Georgia law, a party may not serve her own summons and complaint. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); O.C.G.A. § 9-11-4(c) (same); *see also Pelmore v. Pinestate Mortg. Corp.*, No. CIV.A.109-CV-2313TWT, 2010 WL 520767, at *3 (N.D. Ga. Feb. 8, 2010) ("[E]ven if Plaintiff did, in fact, attempt to serve Defendants personally by serving them himself, by hand, any such attempted service would be deficient.").

Here, Defendants identify two obvious defects with Plaintiff's service attempt. First, Plaintiff attempted to serve either Sheriff Reynolds or Cherokee County, or both, through a deputy who is not authorized to accept service for either Defendant. Second, even if Deputy McCulloh were authorized to accept service, Plaintiff's attempt to deliver her own complaint is an improper service attempt. Her pro se status does not permit her to ignore the ordinary rules for service of process. *See Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 789–90 (11th Cir. 2017) ("[W]e still require [pro se litigants] to comply with procedural rules, like the rules of service in Rule 4, Fed. R. Civ. P." (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007))). Defendants' version of the facts is undisputed, given

6

Plaintiff's failure to respond to Defendants' motion to dismiss. *See* Local R. 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.") Thus, the Court finds that Defendants' motion, including the attached declaration of Deputy McCulloh, satisfies Defendants' burden of establishing that service was improper.

Plaintiff has also failed to file proof of service. Rule 4(*l*) provides that "[u]nless service is waived, proof of service must be made to the court." And, with certain exceptions that do not apply here, "proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*). The docket shows no server's affidavit or any other filing from Plaintiff that indicates she attempted to serve Defendants. The Court gave Plaintiff direct instructions to file proof of service within 60 days of the Court's September 5, 2025, order. (Doc. 11.) But the last filing from Plaintiff that appears on the docket is her August 28, 2025 response to the Court's show cause order, which was filed more than nine months ago. (Doc. 10.) In light of Defendants' showing and Plaintiff's failure to file proof of service, the Court finds that service is insufficient.

If the plaintiff does not properly serve the defendant within the time permitted, "the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The rule also

allows that if the plaintiff shows good cause for a failure to serve, the Court must extend the time for service for an appropriate period. *Id.* "Good cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation omitted). "A defendant's actual notice is not sufficient to cure defectively executed service." *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014).

The Court finds no good cause for another extension in this case. This case has been pending for more than one year. Although Plaintiff may have experienced challenges when her counsel withdrew and when she was hospitalized, the Court accounted for these issues when granting Plaintiff an extension to serve Defendants. *See* (Doc. 11.) It appears that Plaintiff made only a single, insufficient attempt to serve Defendants. In fact, Defendants' motion to dismiss, filed on September 26, 2025, should have alerted Plaintiff to the service issues before the deadline expired. But Plaintiff failed to cure these issues or even respond to Defendants' motion. As a result, the Court cannot find good cause for Plaintiff's failure to properly serve Defendants. *See, e.g., Bryant v. Citigroup, Inc.*, No. 5:13–CV–448 (MTT), 2014 WL 1347429, at *2 (M.D. Ga. Apr. 3, 2014) (finding that the plaintiff had not shown good cause

8

warranting an extension of the time to serve the defendant where the plaintiff "was on notice of his insufficient service by virtue of the Defendant's motion," but offered no explanation for his failure to properly serve the defendant).

Although Plaintiff has not shown good cause, it remains in the Court's discretion to extend time for service. *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). In exercising its discretion, "the district court is required to consider whether the circumstances of the case before it warrant discretionary relief" in the form of an extension. *Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008) (citation omitted). "[R]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Lepone-Dempsey*, 476 F.3d at 1282 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment). However, "the running of the statute of limitations does not *require* that a district court extend the time for service of process . . . ." *Horenkamp*, 402 F.3d at 1133 (emphasis added).

The Court has considered that Plaintiff's claims are likely now or soon will be time-barred because Georgia's two-year statute of limitations for personal injury claims applies to her § 1983 lawsuit. *See, e.g., Williams v. City*

9

*of Atlanta*, 794 F.2d 624, 627 (11th Cir. 1986).  But the Court has already extended the service deadline and warned Plaintiff about the consequences of missing that extended deadline.  Plaintiff had until November 2025, approximately six months after she filed her complaint, to serve Defendants and file proof of service on the docket.  Plaintiff filed nothing to request an extension, respond to Defendants' motion to dismiss for insufficient service of process, or otherwise explain her failure to follow the Court's instructions. Under these circumstances, the possible expiration of the statute of limitations does not warrant another extension of the service period.  *See Vento v. Patel*, No. 23-11392, 2024 WL 775142, at *5 (11th Cir. Feb. 26, 2024) (affirming dismissal of a claim for insufficient service of process where the district court considered that the statute of limitations had run); *Daker v. Ward*, No. 23-10609, 2023 WL 7182358, at *3 (11th Cir. Nov. 1, 2023) (affirming the district court's decision not to extend the service deadline; finding that the court adequately considered both whether there was good cause and whether other circumstances warranted an extension).  No good cause exists to extend the service period, and no "other circumstances" warrant an extension based on the particular facts of the case.  *Lepone-Dempsey*, 476 F.3d at 1282.

The Court cannot proceed to the merits of Plaintiff's claims to address Defendants' additional bases for dismissal.[1] *See, e.g., Jackson*, 259 F. App'x at 182–83 (vacating the district court's dismissal of the claims with prejudice for failure to state a claim and remanding the case for judgment dismissing the claims without prejudice for insufficient service); *Courboin v. Scott*, 596 F. App'x 729, 735 (11th Cir. 2014) ("We understand and appreciate the district court's motivation to address the merits of the claims in the alternative[, but] where no personal jurisdiction exists and a dismissal on the merits would be with prejudice, it is particularly appropriate to dismiss on jurisdictional grounds and not address the merits." (citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997), and *Madara, v. Hall*, 916 F.2d 1510, 1514 & 1514 n. 1. (11th Cir. 1990))). Accordingly, Defendants' motion to dismiss will be granted for insufficient service of process

---

[1] Although Defendants raise Rules 12(b)(2), 12(b)(4), and 12(b)(5) in relation to Plaintiff's insufficient service attempt, Rule 12(b)(5) is the appropriate basis for dismissal based on the facts of this case. *See Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Rule 12(b)(5) would be redundant if we recognized an objection to personal jurisdiction [under Rule 12(b)(2)] as an acceptable means of challenging the sufficiency of service of process."); *Boring v. Pattillo Indus. Real Est.*, 426 F. Supp. 3d 1341, 1345 n.6 (N.D. Ga. 2019) ("Rule 12(b)(4) refers to the content of the summons, rather than to the manner of service, which is governed by Rule 12(b)(5).").

under Rule 12(b)(5) of the Federal Rules of Civil Procedure, and Plaintiff's claims will be dismissed without prejudice.

## IV.   Conclusion

Defendants' motion to dismiss is **GRANTED** for insufficient service of process.   (Doc. 12.)   Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this 2nd day of June, 2026.


_____
SARAH E. GERAGHTY
United States District Judge